IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:98cr74-MHT |
| **ALEX TYRONE MCNAIR** | ) | (WO) |

ORDER

This case is before the court on defendant Alex Tyrone McNair's appeal of the magistrate judge's detention order.  Based on the court's independent review of the evidence before the magistrate judge, the court will affirm the magistrate judge's order.

The Probation Department filed a petition for revocation of supervised release against McNair on March 24, 2006, alleging that he had possessed a firearm, which is a violation of his supervised release conditions.  A detention hearing pursuant to 18 U.S.C. § 3142(f) was held on March 31, 2006.  Based on the evidence adduced at the hearing, the magistrate judge concluded that McNair

had not established that he will not flee or pose a danger to any other person or to the community if he is released pending the resolution of the revocation petition.

This court's review of the magistrate judge's detention order is de novo. United States v. King, 849 F.2d 485, 489-490 (11th Cir. 1988). Under the Bail Reform Act of 1984, the court must order pretrial detention of McNair if it finds that "no condition or set of conditions [of pre-trial release] will reasonably assure the appearance of [McNair] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Before proceeding further, the court notes that the magistrate judge appears to have placed the burden on McMair to prove that he was not a flight risk or a danger to the community. Although § 3142(e) does create a rebuttable presumption against the defendant if certain conditions are present, it is undisputed that none of

2

those conditions are present in this case. The magistrate judge therefore erred to the extent that her order reflects that McNair bears the burden of demonstrating that he is <u>not</u> a flight risk or danger to the community.

However, that error does not affect the outcome in this case because there is clear and convincing evidence that McNair is, in fact, a danger to the community. McNair faces revocation of his supervised release because he retrieved a firearm after a verbal altercation with another individual. When he was apprehended, the gun was loaded and had a round in the chamber and McNair was visibly upset. Although McNair was cooperative with police when confronted, the fact remains that McNair armed himself, despite being a prohibited person, while in an agitated state. In doing so, McNair exhibited poor judgment, and nothing in the record suggests that he will continue to do so.

3

The court simply cannot see how any conditions would "reasonably assure" that such a dangerous situation will not repeat itself should McNair be released.  First, this incident occurred while McNair was on supervised release, so he already is not supposed to have a firearm.  The fact that he acquired one anyhow indicates that it may prove difficult to prevent him from acquiring a firearm in the future.  Second, even though his mother offered to supervise him should he be released pending the revocation hearing, his mother works during the day.  Thus, his mother's supervision would not necessarily prevent a similar incident from occurring (in fact, this incident occurred during the day) because she will not be able to constantly supervise him.  Third, even if McNair were placed on electronic monitoring, he demonstrated that he was able to get into a verbal altercation that escalated to the point where he armed himself in short order.  Electronic monitoring will not

necessarily prevent McNair from arming himself quickly in the future should he decide it is necessary.

Based on this evidence, the court finds that no set of conditions other than detention will reasonably assure the safety of other persons and the community.  Because the language of 18 U.S.C. § 3142(e) requires detention if no conditions of release will assure <u>both</u> McNair's appearance at the revocation hearing <u>and</u> the safety of any other person and the community, <u>see also</u> <u>United States v. Fortna</u>, 769 F.2d 243 (5th Cir. 1985) ("The wording of the Act, particularly the first sentence of section 3142(e), makes it evident that the lack of reasonable assurance of <u>either</u> the defendant's appearance <u>or</u> the safety of others or the community is sufficient; both are not required."), the absence of any evidence in the record suggesting that McNair poses a risk of flight is immaterial.

Likewise, McNair's argument, raised in his notice of appeal, that he will default on payments for a trailer

5

home if he is incarcerated does not affect the outcome of this case.  Although the court is sympathetic to McNair's plight and recognizes that this financial hardship might impact his children, 18 U.S.C. § 3142(g) outlines which factors a court should consider when making a detention determination, and financial hardship and family hardship are not among them.

Accordingly, it is ORDERED that the magistrate judge's detention order, dated March 31, 2006 (Doc. No 59), is affirmed.

DONE, this the 5th day of May, 2006.

                                           /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**